OWENS, Circuit Judge,
concurring in all but Part III D:
The Court’s opinion persuasively follows current Supreme Court and circuit law interpreting the relevant statutory provisions, so I concur. Yet I do not join Part III D, as the case law, in my view, has drifted from what Congress intended when it passed and amended CERCLA in the 1980s. See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013).
Requiring all related contribution claims to be “dealt with in a single action” would “encourage private party settlements and cleanup” because the threat of being sued “as a third-party defendant, concurrent with the original litigation, has the effect of bringing all such responsible parties to the bargaining table at an early date.” H.R. Rep. No. 99-253, pt. 1, at 80 (1985), reprinted in 1986 U.S.C.C.A.N. 2835, 2862. Rather than dining at the same table for one big CERCLA feast, our holding — dictated in my view by language in Atlantic Research — permits adversaries to fight for generations over moldy leftover crumbs. Good for lawyers, but bad for the environment and the communities affected by the contamination.
I urge Congress to take a second look at this aspect of CERCLA.